# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of:** | : | MISCELLANEOUS CASE |
| **SEIZURE OF $27,0400.00 U.S. Currency,** | : | No. 24-MC-_____ |
| | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of the government's motion pursuant to 18 U.S.C. § 983(a)(3) to extend for an additional ninety (90) days the period of time to obtain an indictment or file a complaint seeking forfeiture of the above-listed property, for good cause shown and upon agreement of the parties, the motion is GRANTED.  The time period within which the government must obtain an indictment or file its complaint in this matter is extended to February 19, 2025.

_____
**Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of:** | : | MISCELLANEOUS CASE |
| **SEIZURE OF $27,0400.00 U.S. Currency,** | : | No. 24-MC-_____ |
| | : | |
| | : | |

**MOTION OF UNITED STATES OF AMERICA**
**FOR EXTENSION OF TIME TO OBTAIN INDICTMENT**
**OR FILE CIVIL FORFEITURE COMPLAINT**

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Sarah L. Grieb, Assistant United States Attorney, Chief of Asset Recovery and Financial Litigation, pursuant to 18 U.S.C. § 983(a)(3)(A), requests this Court to extend the period of time to obtain an indictment or file a civil complaint seeking forfeiture of the above-listed property until February 19, 2025. In support of the motion, the government avers as follows:

    1.    On May 25, 2024, Drug Enforcement Administration ("DEA") agents executed a consented search on a luggage belonging to Jose DeLeon at the Philadelphia airport. Inside the luggage, agents found approximately $27,040.00 U.S. Currency. The DEA seized the $27,040 in U.S. Currency.

    2.    As required by law, on or about July 19, 2024, the DEA provided direct, written notice, personally to Jose DeLeon, of the DEA's intent to administratively forfeit the $27,040.00 in U.S. Currency and advising of Jose DeLeon's right to file a claim in this matter.

3. On or about August 23, 2024, Jose DeLeon, through his counsel, Walter Wiggins, Esquire, filed with the DEA a claim seeking to contest the forfeiture of the $27,040.00 in U.S. Currency. To date, no other party has filed a claim with the DEA to contest the forfeiture of this property.

4. The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, *et seq*. provides that, within 90 days after a claim for the return of property is filed, the government must obtain an indictment listing the seized property as being subject to forfeiture and take other steps necessary to preserve the seized property, file a civil complaint for forfeiture of the seized property, or obtain a court order extending the time period for good cause shown or upon agreement of the parties, as provided under federal law. *See* 18 U.S.C. § 983(a)(3)(A) and (B). Also, if the government does not obtain an indictment listing the seized property as being subject to forfeiture, file a civil forfeiture complaint, or obtain an extension of time, the government must release the property and not take any further civil forfeiture action against the property. *See* 18 U.S.C. § 983(a)(3)(B).

5. The government, therefore, is required to obtain an indictment listing the $27,040.00 in U.S. Currency as being subject to forfeiture, file a civil complaint for forfeiture, or obtain an extension of time, in this case on or before November 21, 2024, with respect to Jose DeLeon's claim.

6. By this motion, the government, pursuant to 18 U.S.C. § 983(a)(3)(A), requests an extension of time of an additional ninety (90) days from the filing deadline, until February 19, 2025, to obtain an indictment listing the $27,040.00 in U.S. Currency as being subject to forfeiture or file a civil complaint for forfeiture in this matter.

7. The government submits that good cause exists for the Court to grant an extension of time in this instance. The government requires this additional time to complete its investigation in this matter. The government is continuing to review evidence regarding the $27,040.00 in U.S. Currency. The requested extension of time also will enable the government to further identify legal and factual issues involving the seizure and forfeiture of the $27,040.00 in U.S. Currency and to fully consider the claim for the return of the U.S. Currency.

8. The government also submits that the requested extension of ninety (90) days is reasonable under the circumstances. This is the government's first request for extension of time in this matter. Furthermore, the government submits that the requested extension of time is made in good faith and is not intended to unduly delay these proceedings, and this request will not unduly prejudice the claimant.

9. Walter Wiggins, Esquire, has represented that his client, Jose DeLeon (the claimant), does not oppose the government's request for a 90-day continuance in this matter.

WHEREFORE, based on the foregoing, the government requests that this Court grant the motion.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s Sarah L. Grieb*
SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA FOR EXTENSION OF TIME TO OBTAIN INDICTMENT OR FILE FORFEITURE COMPLAINT was served on the following by email and first-class mail, postage prepaid, as follows:

Walter Wiggins, Esquire
Law Offices of Walter F. Wiggins, Jr
5109 Topanga Canyon Blvd
Woodland Hills, CA 91364
wfwjrlaw@aol.com

*/s Sarah L. Grieb*
SARAH L. GRIEB
Assistant United States Attorney

Date: November 6, 2024.